UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

THERESE A. HACKL and RICHARD HACKL,

        Plaintiffs,
  and

UNITED HEALTHCARE OF WISCONSIN,

        Involuntary Plaintiff,

  v.                                  Case No. 08-CV-871

ICON HEALTH & FITNESS, INC.,
SEARS ROEBUCK & COMPANY and
ABC INSURANCE COMPANY,

        Defendants.

───────────────────────────────────────────────

## ORDER

The parties filed a stipulation for a protective order and a proposed protective order on April 23, 2009. The proposed order filed by the parties follows the standard protective order laid out in Civil Local Rule 26.4. However, the parties fail to make the requisite showing of "good cause" for entry of a protective order and do not indicate with specificity which materials they wish to designate as confidential. This court will not sign an order that shields discovery information from public view unless the parties demonstrate good cause for doing so, and unless the order is narrowly constructed to shield only the information that deserves protection.

The court cannot enter a generic protective order concealing unspecified amounts and types of information. This is because pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for

limiting the public's access. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) (noting presumption of public access to discovery materials). In *Hicklin Eng'r, L.C. v. Bartell*, the Seventh Circuit articulated the rationale for maintaining a court record that is open to the public:

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

439 F.3d 346, 348 (7th Cir. 2006). The *Hicklin* court also instructed "that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Id.* (citations omitted).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to enter a protective order for good cause shown. A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946. In the instant case, the proposed protective order states only that material may be designated as "CONFIDENTIAL" when a party believes in good faith that it contains "trade secrets or nonpublic technical, commercial, financial, personal, or business information." (Proposed Protective Order 1-2, Docket # 20). However, the parties fail to provide any detail

-2-

regarding the materials falling within these categories that they will seek to protect as confidential. The Seventh Circuit has repeatedly invalidated such overly broad protective orders. *See, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945 (citations omitted); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that even if the parties agree on the terms of a protective order, they still must show good cause exists for the court to issue the order). Thus, the court cannot enter a protective order as currently proposed.

However, the Seventh Circuit provides guidance on permissible protection of confidential discovery materials. In *Citizens First Nat'l Bank of Princeton*, the court provided the following framework for protective orders:

> There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

178 F.3d at 946. To address the deficiencies in the proposed protective order, the parties may establish good cause for entry of such an order by describing the types of information they deem confidential in a narrowly-tailored and specific manner. Further, a revised protective order proposal should include a mechanism for either party, or an interested member of the public, to challenge the confidential designation of a document. The court invites the parties to address the aforementioned inadequacies and file a modified proposed protective order. If the

-3-

modified protective order is consistent with the requirements of Rule 26(c) and Seventh Circuit case law, the court will enter it.

Accordingly,

**IT IS ORDERED** that the Stipulation for a Protective Order (Docket #20) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge