UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

―――――――――――――――――――――――――――――――――――

THERESE A. HACKL and RICHARD HACKL,

        Plaintiffs,
  and

UNITED HEALTHCARE OF WISCONSIN, INC.,

        Involuntary Plaintiff,

v.                                                Case No. 08-CV-871

ICON HEALTH & FITNESS, INC.,
SEARS ROEBUCK & COMPANY and
ABC INSURANCE COMPANY,

        Defendants.

―――――――――――――――――――――――――――――――――――

## ORDER

Plaintiffs Therese and Richard Hackl ("the Hackls") filed suit alleging a personal injury products liability action in the Milwaukee County Circuit Court. The defendants, ICON Health & Fitness, Inc. and Sears Roebuck & Company, removed the case to this court on October 15, 2008, on the basis of diversity jurisdiction. The defendants filed an answer to the Hackls' complaint the same day. The Hackls now seek leave of the court to amend their complaint to add an involuntary plaintiff, Blue Cross Blue Shield of Wisconsin, and to add an additional defendant, Lexington Insurance Company. The court will grant this request.

Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend his or her complaint after the defendant has filed a responsive pleading if the defendant provides written consent, or if the court grants leave to amend. *See* Fed. R. Civ. P.

15(a)(2). The court should "freely give leave when justice so requires." *Id.* Further, Rule 15 reflects a "liberal attitude" towards amendment of the complaint. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). Leave to amend should be freely granted in the absence of any "apparent or declared reason." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). The liberal application of Rule 15 is based on the federal rule policy of deciding cases on the merits. *See id.*

The Hackls acknowledge that the court's March 2, 2009 deadline for amending the pleadings has passed. However, the Hackls explain that the involuntary plaintiff they seek to add, Blue Cross Blue Shield of Wisconsin, has recently become their new insurance carrier and has paid some of Therese Hackl's medical bills resulting from the injuries sustained in the subject incident. The Hackls further explain that the defendant they seek to add, Lexington Insurance Company, is the product liability insurance carrier for defendant ICON Health and Fitness, Inc. Though the plaintiffs uncovered this fact during discovery responses received in late February, they initially decided not to implead Lexington because ICON has a $1,000,000 self insured retention. However, the Hackls now seek to add Lexington as a defendant because they do not possess the Lexington policy and do not know what effect the coverage has if ICON becomes insolvent.

The court finds that granting the Hackls leave to amend is appropriate in this case. The current defendants have not opposed the Hackls' motion to amend.

-2-

Further, the addition of the proposed parties will allow all issues related to the plaintiffs' claims to be addressed in a comprehensive manner. Therefore, the court will grant the Hackls' motion to amend the complaint.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to amend the complaint (Docket #22) be and the same is hereby **GRANTED.**

Dated at Milwaukee, Wisconsin, this 27th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge