UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

THERESE A. HACKL and RICHARD HACKL,

        Plaintiffs,
  and

UNITED HEALTHCARE OF WISCONSIN and
BLUE CROSS BLUE SHIELD OF WISCONSIN,

        Involuntary Plaintiffs,
  v.                                Case No. 08-CV-871

ICON HEALTH & FITNESS, INC.,
SEARS ROEBUCK & COMPANY and
LEXINGTON INSURANCE COMPANY,

        Defendants.
_____

## PROTECTIVE ORDER

Based upon the declaration of Laurel Jensen and the stipulation of the parties for a protective order in this action pursuant to Rule 26(c), F.R.C.P., and Civil L.R. 26.4, to protect the confidentiality of four specific drawings and the information contained therein as follows:

**IT IS HEREBY ORDERED:**

    1.    This product liability action includes allegations that the ICON Proform 650 CardioCrossTrainer was defective and unreasonably dangerous because a component "pedal spring leg" broke.

2. The design, dimension and material specifications of the pedal spring leg are material to the plaintiffs' failure analysis and have been requested in discovery.

3. The component part drawings for the pedal spring leg of the Proform 650 CardioCrossTrainer are ICON Health & Fitness, Inc. drawings 188889, 178260, 182109 and 182110, and contain the information plaintiffs seek through discovery.

4. The information contained in the four drawings is information developed through the economic investment of ICON Health & Fitness, Inc. and the design work of the employees of ICON Health & Fitness, Inc.; the development and refinement of this proprietary information is of economic benefit, and the fact that it is not generally known is commercially valuable, to ICON Health & Fitness, Inc. In particular, ICON Health & Fitness, Inc.'s competitors would be able to use such information to obtain an unfair competitive advantage in the development, marking and sale of comparable products. ICON Health & Fitness, Inc. treats this information as confidential in its employment and commercial relationships as well as in civil litigation.

5. This stipulation is limited to the four drawings identified in paragraph 3 produced in pretrial discovery, but without prejudice to a future motion for a protective order during trial or an appeal.

6. These four drawings may be designated as confidential information by placing or affixing on each document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."

7. Information or documents designated as confidential under this stipulation must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 4 for any purposes whatsoever other than preparing for and conducting this litigation, including appeals.

8. The parties and counsel for the parties must not disclose or permit the disclosure of any information contained in the four drawings designated as confidential to any other person or entity, except the disclosure may be made in the following circumstances:

(I) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this rule.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in their preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

9. Except as provided in paragraph 8, counsel for the parties must keep all documents designated as confidential which are received under this order secure within their exclusive possession and must place such documents in a secure area.

10. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this stipulation, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

11. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to Civil L.R. 26.4 may also be made on the envelope.

12. At the conclusion of this lawsuit by dismissal, on stipulation, or final order or judgment, or any appeal therefrom, the confidential documents in paper or other tangible form, including all copies and summaries or compilations thereof, shall be returned to the producing party and all electronic versions of such confidential

material (including any synopsis, summary, analysis, and/or digest thereof) shall be destroyed within 30 days.

13. If any persons listed in paragraph 8 above to whom confidential material has been provided and/or disclosed cease to be involved in this litigation or otherwise completes the purpose for which they were provided confidential material prior to the conclusion of this litigation, counsel for the receiving party shall promptly instruct them to return all confidential material in paper or other tangible form and destroy all electronic versions of the confidential material.

14. Any party or other person may seek modification of this order.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge